UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROCELLA HOLDINGS, L.P.,

              Plaintiff,

         v.

THE REPUBLIC OF ARGENTINA,

              Defendant.

         CIVIL ACTION NO.   **14 CV 8000**

---

## AMENDED COMPLAINT

Plaintiff, Procella Holdings, L.P. ("Procella"), by its undersigned counsel, as and for its Amended Complaint against Defendant Republic of Argentina (the "Republic"), alleges as follows:

## NATURE OF THE ACTION

1.    This is a breach of contract action arising from the Republic's failure to make contractually-mandated principal and interest payments on certain bonds held by Procella and issued by the Republic pursuant to a Trust Deed, dated October 19, 1994 (the "Trust Deed") between the Republic and Chase Manhattan Trustees Limited, as Trustee.  For its relief, Procella seeks payment of the principal amount of the bonds together with any accrued and unpaid interest, as provided for in the Trust Deed.  A true and accurate copy of the Trust Deed is attached as **Exhibit A**.

2.    This action also seeks specific performance of the Republic's payment obligations pursuant to the paragraph 5 of the Trust Deed (the "Equal Treatment Provision of the Trust Deed") and paragraph 3 of the Terms and Conditions of the Notes (the "Equal Treatment Provision of the Terms and Conditions"), which provide for equal treatment in terms of rank and

priority of payment for holders of bonds issued under the Trust Deed with respect to any unsecured and unsubordinated External Indebtedness as defined in the Trust Deed. From 2005 to the present, the Republic has engaged in a course of conduct which violates the Equal Treatment Provisions of the Trust Deed and the Terms and Conditions. In particular, under color of Law 26,017 passed in 2005 and Law 26,547 passed in 2009, the Republic issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than those issued under the Trust Deed and held by Procella. The bonds issued in the Exchanges are External Indebtedness as defined under the Trust Deed. The Republic's issuance of these higher ranking bonds, facilitated by Laws 26,017 and 26,547, and its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 and 2010 Bond Exchanges, while paying nothing to Procella and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provisions of the Trust Deed and the Terms and Conditions.

## THE PARTIES

3.     Plaintiff Procella is a limited partnership, organized under the laws of the Cayman Islands, a British Overseas Territory.

4.     Defendant Republic of Argentina is a Foreign State as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. 1330(a).

6.     In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York.

7.     Venue is proper in this district by agreement of the parties and pursuant to

2

28 U.S.C. § 1391(f).

## FACTUAL ALLEGATIONS

### Procella's Trust Deed Bonds

      8.    Procella is the owner of €1,522,000 principal amount of bonds issued pursuant to the Trust Deed by the Republic, ISIN XS0096960751 (the "XS0096960751 Bonds"). The XS0096960751 Bonds have a coupon rate of 7% and matured on March 18, 2004, at which time the entire principal amount on the XS0096960751 Bonds became due and payable.

      9.    Procella is the owner of €650,000 principal amount of bonds issued pursuant to the Trust Deed by the Republic, ISIN XS0105224470 (the "XS0105224470 Bonds"). The XS0105224470 Bonds have a coupon rate of 0% and matured on December 22, 2004, at which time the entire principal amount on the XS0105224470 Bonds became due and payable.

      10.    Procella is the owner of €1,560,000 principal amount of bonds issued pursuant to the Trust Deed by the Republic, ISIN XS0109203298 (the "XS0109203298 Bonds"). The XS0109203298 Bonds have a coupon rate of 8.125% and matured on October 4, 2004, at which time the entire principal amount on the XS0109203298 Bonds became due and payable.

      11.    Procella is the owner of €3,036,000 principal amount of bonds issued pursuant to the Trust Deed by the Republic, ISIN XS0113833510 (the "XS0113833510 Bonds"). The XS0113833510 Bonds have a coupon rate of 9.25% and matured on July 20, 2004, at which time the entire principal amount on the XS0113833510 Bonds became due and payable.

      12.    Procella is the owner of £940,000,000 principal amount of bonds issued pursuant to the Trust Deed by the Republic, ISIN XS0076397248 (the "XS0076397248 Bonds"). The XS0076397248 Bonds have a coupon rate of 0% and matured on May 27, 2004, at which time the entire principal amount on the XS0076397248 Bonds became due and payable.

      13.    Procella is the owner of £2,425,000,000 principal amount of bonds issued

3

pursuant to the Trust Deed by the Republic, ISIN XS0080809253 (the "XS0080809253 Bonds"). The XS0080809253 Bonds have a coupon rate of 7% and matured on March 18, 2004, at which time the entire principal amount on the XS0080809253 Bonds became due and payable.

14.     Procella is the owner of £1,100,000,000 principal amount of bonds issued pursuant to the Trust Deed by the Republic, ISIN XS0081057589 (the "XS0081057589 Bonds"). The XS0081057589 Bonds have a coupon rate of 7% and matured on March 18, 2004, at which time the entire principal amount on the XS0081057589 Bonds became due and payable.

15.     A record of Procella's holdings of the Trust Deed bonds referenced above is attached as **Exhibit B**.

**The Republic's Default Under the Trust Deed**

16.     Pursuant to Section 10.2 of the Trust Deed, the following, *inter alia*, is defined as "Proof of Default":

> (a) Non-Payment:  If it is proved that as regards any specified Note or Coupon the Republic has made default in paying any sum due to the relevant Noteholder such proof will (unless the contrary be proved) be sufficient evidence that it has made the same default as regards all other Notes or Coupons which are then Payable

17.     Pursuant to Section 10 of the Terms and Conditions of the Notes, the following, *inter alia*, is defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues of a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

18.     Section 10 of the Terms and Conditions of the Notes further provides that

DMI\5102183.1

following either of the foregoing Events of Default:

> the Trustee at its discretion may in respect of Notes of any Series, or at the request of the holders of not less than 25 percent in aggregate principal amount of the Notes of such Series then outstanding, by notice in writing to the Republic shall, declare the principal amount (or Amortised Face Amount) of all the Notes of such Series to be due and payable immediately, and upon any such declaration the same shall become and shall be immediately due and payable…

19.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on bonds issued pursuant to the Trust Deed.

20.    Since then, the Republic has failed to make payments due on the XS0096960751 Bonds, the XS0105224470 Bonds, the XS0109203298 Bonds, the XS0113833510 Bonds, the XS0076397248 Bonds, the XS0080809253 Bonds, and the XS0081057589 Bonds.

**The Republic's Violation of the Equal Treatment
Provisions of the Trust Deed and Terms and Conditions**

21.    Section 5.1 of the Trust Deed contains an Equal Treatment Provision, which states:

> [a]ll moneys received by the Trustee in respect of the Notes or amounts payable under this Trust Deed will, despite any appropriation of all or part of them by the Republic, be held by the Trustee on trust to apply them …  in payment of any amounts owing in respect of the Notes or Coupons pari passu and rateably…

22.    Section 3 of the Terms and Conditions of the Notes contains an Equal Treatment Provision, which states:

> The Notes and Coupons of all Series constitute … direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. … The payment obligations of the Republic under the Notes and the Coupons

DM1\5102183.1

shall … at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness…

23.     The Republic, therefore, may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Procella.

24.     In 2005, the Republic restructured its debt by offering a bond exchange to all holders of non-performing external debt (the "2005 Exchange").

25.     The 2005 Prospectus for this Bond Exchange stated:

> *Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely. . . . The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer. . . . that are not tendered or otherwise restructured as part of such transaction. Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.*

26.     Holders of approximately 25% of the Republic's non-performing bonds did not participate in the 2005 Exchange ("Non-tendering Bondholders").

27.     Procella did not participate in the 2005 Exchange.

28.     Bondholders who participated in the 2005 Exchange ("2005 Exchange Bondholders") received bonds scheduled to pay semi-annual interest.

29.     The first interest payment on the 2005 Bonds was due and paid in 2005.

30.     The Republic has paid all subsequent interest due on the 2005 Bonds to date and intends to continue to do so.

31.     Upon information and belief, the Republic intends to continue paying interest on all 2005 Bonds as it becomes due.

32.     To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005. A

6

true and correct copy of Law 26,017 and a certified translation are annexed hereto as **Exhibit C**.

33.     In its January 28, 2010 Prospectus, the Republic explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 Debt Exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the 2005 Debt Exchange without Congressional approval **and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange . . . .**

34.     The assurances to tendering bondholders provided by Law 26,017 facilitated the Republic's completion of the 2005 Bond Exchange.

35.     Article 1 of Law 26,017 provided that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

a.     Article 2 – The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

b.     Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

c.     Article 4 - The national Executive Power must – within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

36.     The Republic violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions by lowering the rank of its payment obligations under Procella's bonds below that of other unsecured and unsubordinated External Indebtedness by relegating Procella's bonds to a non-paying class pursuant to Law 26,017.

37.     The Republic's courts have held that the Lock Law and the Republic's Moratorium on payment prevent them from recognizing and enforcing Non-tendering Bondholders' New York judgments.

38.     In 2009, in preparation for another bond exchange in 2010, the Senate and Chamber of Deputies of the Argentine Nation passed Law No. 26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange.  A true and correct copy of Law 26,547 and a certified translation are annexed hereto as **Exhibit D**.

39.     Law 26,547 provided:

    a.    Article 1. The effect of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010 or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the government bonds affected by the referenced regulation is completed, whichever occurs first.

    b.    Article 3. The financial terms and conditions that are offered may not be equal to or better than those offered to creditors, in the debt restructuring established by Decree No. 1735/04.

    c.    Article 5. …
It is prohibited to offer the holders of government bonds who may have initiated judicial, administrative, arbitration or any other type of action, more favorable treatment than what is offered to those who have not done so.

40.     The prospectus for the Republic's 2010 Exchange stated:

Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, *Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation*. Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through . . . litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraints regarding its defaulted debt.

. . .

> Consequently, if you elect not to tender your Eligible Securities in default pursuant to the Invitation *there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.*

41.    Procella did not participate in the 2010 Exchange.

42.    The Republic violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions by relegating Procella's bonds to a non-paying class pursuant to Law 26,547.

43.    The Bonds issued in the 2010 Bond Exchange (the "2010 Bonds") began to pay semi-annual interest to those who participated in the Exchange (the "2010 Exchange Bondholders") in 2010.

44.    The Republic pays interest on all 2010 Bonds as it becomes due and intends to continue to do so.

45.    Upon information and belief, absent an Order of this Court, the Republic will continue to pay the 2005 and 2010 Exchange Bondholders while paying nothing to Procella.

46.    Procella and the other Non-tendering Bondholders have been damaged as a result of the Republic's violations and will continue to be damaged by the continuing violations of the Equal Treatment Provisions of the Trust Deed and the Terms and Conditions.

47.    NML Capital, Ltd. ("NML") and other pre-judgment holders of defaulted bonds issued pursuant to the Fiscal Agency Agreement, dated October 19, 1994 ("the FAA") sought specific performance of paragraph 1(c) of the FAA (the "Equal Treatment Provision of the FAA") in three pre-judgment cases styled *NML Capital, Ltd v. The Republic of Argentina* Case Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.) ("NML's pre-judgment actions").  A true and accurate copy of the FAA is attached as **Exhibit E**.

48.     The Equal Treatment Provision of the FAA, which is virtually identical to the Equal Treatment Provision of the Terms and Conditions, states:

> (c)  The Securities will constitute… direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves.  The payment obligations of the Republic under the Securities shall at all times rank at least equally with all of its other present and future unsecured and unsubordinated External Indebtedness …

49.     In Orders issued in NML's three pre-judgment actions, this Court:

a.     held that the Republic's actions, as described in paragraphs 24-46, *supra*, violated the Equal Treatment Provision of the FAA;

b.     granted partial summary judgment to NML on its equal treatment claims;

c.     held that NML had no adequate remedy at law and that, absent equitable relief, NML would suffer irreparable harm;

d.     held that the equities strongly supported injunctive relief;

e.     held that the Republic had the financial wherewithal to meet its payment obligations to NML in those cases; and

f.     issued an Amended Order requiring the Republic to specifically perform its equal treatment obligations by making ratable payment to NML whenever it paid the 2005 and 2010 Exchange Bondholders the amounts due on their bonds.  A true and correct copy of this Court's December 7, 2011, February 23, 2012 and November 21, 2012 Orders are annexed hereto as **Exhibits F, G, and H**, respectively.

50.     On February 23, 2012, this Court issued an injunction to remedy the Republic's continuing violations of the Equal Treatment Provision of the FAA, which required the Republic to pay NML ratably whenever it paid the 2005 or 2010 Bondholders pursuant to

DM1\5102183.1

their bonds.

51.     On October 26, 2012 the Second Circuit affirmed this Court's February 23, 2012 decision, but remanded the injunction for clarification.

52.     The Republic petitioned for a Writ of Certiorari on the October 26, 2012 Second Circuit decision in the United States Supreme Court.  That petition was denied October 7, 2013.

53.     On November 21, 2012, this Court amended the February 23, 2013 injunction.

54.     On August 23, 2013, the Second Circuit affirmed this Court's November 21, 2012 decision.

55.     The Republic subsequently petitioned for another Writ of Certiorari on the August 23, 2013 Second Circuit decision to the United States Supreme Court, which was also denied on June 16, 2014.

56.     In response to the orders of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court in NML's pre-judgment cases, the Republic's officials, including President Kirchner, have frequently said that the Republic will never pay NML or any other similar bondholders such as Procella.

57.     The Equal Treatment Provisions of the Trust Deed and the Terms and Conditions have the same force and effect as the Equal Treatment Provision of the 1994 FAA and, therefore, the orders of this Court, the Second Circuit, and the United States Supreme Court in NML's pre-judgment actions regarding the Equal Treatment Provision of the 1994 FAA should apply equally to bonds issued pursuant to the Trust Deed.

58.     The Republic's issuance of the 2005 and 2010 Exchange Bonds, its

payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange and 2010 Bond Exchange, while paying nothing to Procella and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provisions of the Trust Deed and the Terms.  To prevent further violations, Procella seeks specific enforcement of Equal Treatment Provisions of the Trust Deed and the Terms.

### FIRST CLAIM FOR RELIEF
(For Breach of Contract on the XS0096960751 Bonds)

59.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 herein.

60.     The XS0096960751 Bonds are Notes under the terms of the Trust Deed and Terms and Conditions.

61.     Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0096960751 Bonds entitling the Trustee to declare the principal amount of the XS0096960751 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

62.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0096960751 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

63.     Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0096960751 Bonds to the Plaintiff.

64.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

DM1\5102183.1

## SECOND CLAIM FOR RELIEF
### (For Breach of Contract on the XS0105224470 Bonds)

65.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 64 herein.

66.     The XS0105224470 Bonds are Notes under the terms of the Trust Deed and Terms and Conditions.

67.     Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0105224470 Bonds entitling theTrustee to declare the principal amount of the XS0105224470 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

68.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0105224470 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

69.     Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0105224470 Bonds to the Plaintiff.

70.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## THIRD CLAIM FOR RELIEF
### (For Breach of Contract on the XS0109203298 Bonds)

71.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 herein.

72.     The XS0109203298 Bonds are Notes under the terms of the Trust Deed

DM1\5102183.1

and Terms and Conditions.

73.     Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0109203298 Bonds entitling the Trustee to declare the principal amount of the XS0109203298 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

74.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0109203298 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

75.     Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0109203298 Bonds to the Plaintiff.

76.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FOURTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0113833510 Bonds)

77.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 herein.

78.     The XS0113833510 Bonds are Notes under the terms of the Trust Deed and Terms and Conditions.

79.     Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0113833510 Bonds entitling the Trustee to declare the principal amount of the XS0113833510 Bonds it holds, together with any accrued and unpaid

DM1\5102183.1

interest, to be due and payable immediately.

80.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0113833510 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

81.     Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0113833510 Bonds to the Plaintiff.

82.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FIFTH CLAIM FOR RELIEF
#### (For Breach of Contract on the XS0076397248 Bonds)

83.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 82 herein.

84.     The XS0076397248 Bonds are Notes under the terms of the Trust Deed and Terms and Conditions.

85.      Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0076397248 Bonds entitling the Trustee to declare the principal amount of the XS0076397248 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

86.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0076397248 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

87.     Despite the notice, the Republic has failed to make any payments of

principal or interest on the XS0076397248 Bonds to the Plaintiff.

88.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## SIXTH CLAIM FOR RELIEF
### (For Breach of Contract on the XS0080809253 Bonds)

89.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 88 herein.

90.     The XS0080809253 Bonds are Notes under the terms of the Trust Deed and Terms and Conditions.

91.      Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0080809253 Bonds entitling the Trustee to declare the principal amount of the XS0080809253 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

92.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0080809253 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

93.     Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0080809253 Bonds to the Plaintiff.

94.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

DM1\5102183.1

## SEVENTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0081057589 Bonds)

95.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 94 herein.

96.     The XS0081057589 Bonds are Notes under the terms of the Trust Deed and Terms and Conditions.

97.     Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0081057589 Bonds entitling the Trustee to declare the principal amount of the XS0081057589 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

98.     On or about October 2, 2014, Plaintiff requested that the Trustee declare the entire principal amount of the XS0081057589 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

99.     Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0081057589 Bonds to the Plaintiff.

100.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## EIGHTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the
Trust Deed and Terms and Conditions and for Injunctive Relief)

101.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 100 herein.

102.     Pursuant to Section 5.1 of the Trust Deed, the Republic provided that

17

"[a]ll moneys received by the Trustee in respect of the Notes or amounts payable under this Trust Deed will, despite any appropriation of all or part of them by the Republic, be held by the Trustee on trust to apply them … in payment of any amounts owing in respect of the Notes or Coupons pari passu and rateably…

103.     Pursuant to Section 3 of the Terms and Conditions of the Notes, the Republic provided that its bonds issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. … The payment obligations of the Republic under the Notes and the Coupons shall … at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness…

104.     The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Procella.

105.     The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

106.     Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Procella and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

107.     Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Procella and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

108.     The bonds issued in the Exchanges are External Indebtedness.

109.     The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

110.     The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Procella and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

111.     The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Procella and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

112.     The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Procella will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

113.     The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Procella will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

114.     Procella has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to suffer such injury unless this Court specifically enforces that Provisions with a mandatory injunction requiring the Republic to pay Procella ratably whenever it pays interest to 2005 or 2010 Bondholders.

115.     In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations under the FAA applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment

> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

116.    The Equal Treatment Provision of the FAA is virtually identical to the

Equal Treatment Provision of the Terms and Conditions.

117.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in Procella's pre-judgment and summary judgment

case.

118.    Remedies available at law are inadequate to compensate for such injury.

119.    Procella has performed its part of the contract with the Republic.

120.    The Republic is capable of performing its obligations pursuant to the the

Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

121.    The balance of the equities tips toward the issuance of an injunction.

122.    The public interest would not be disserved by a permanent injunction.

WHEREFORE, Plaintiff Procella demands judgment against the Republic

of Argentina, as follows:

    i.    On Count One, awarding Plaintiff damages against the Republic in an
amount to be determined at trial, plus interest;

    ii.    On Count Two, awarding Plaintiff damages against the Republic in an
amount to be determined at trial, plus interest;

    iii.    On Count Three, awarding Plaintiff damages against the Republic in an
amount to be determined at trial, plus interest;

    iv.    On Count Four, awarding Plaintiff damages against the Republic in an

amount to be determined at trial, plus interest;

v.     On Count Five, awarding Plaintiff damages against the Republic in an

amount to be determined at trial, plus interest;

vi.    On Count Six, awarding Plaintiff damages against the Republic in an

amount to be determined at trial, plus interest;

vii.   On Count Seven, awarding Plaintiff damages against the Republic in an

amount to be determined at trial, plus interest;

viii.  On Count Eight, awarding an Order specifically enforcing the Equal

Treatment Provisions of the Trust Deed and Terms and Conditions, by

requiring ratable payment to Procella whenever the Republic makes

payments on the 2005 and 2010 exchange bonds;

ix.    Awarding Plaintiff its costs, attorneys' fees and such other and further

relief as this Court shall deem just and proper.

Dated: New York, New York
       October 23, 2014

DUANE MORRIS LLP

By: _Anthony J. Constantini_
Anthony J. Costantini
E-mail:ajcostantini@duanemorris.com
Suzan Jo
E-mail:sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

*Attorneys for Plaintiff*
*Procella Holdings, L.P.*

21